OPINION
Appellant, Miquel A. King, appeals from the August 17, 2000 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced to serve two concurrent terms of ten months for two counts of trafficking cocaine. Those sentences were to be served consecutive to a sentence of ten months for one count of possession of cocaine.
Appellant was charged by way of information on July 21, 2000, on two counts of trafficking in crack cocaine on or about July 6, 1999, in amounts not exceeding one gram, violations of R.C. 2905.03, and felonies of the fifth degree. On September 24, 1999, appellant was indicted by a grand jury for one count of trafficking in cocaine, a violation of R.C.2925.03, a felony of the fifth degree, and one count of possession of cocaine, a violation of R.C. 2925.11, a felony of the fifth degree. The charges contained in the September 24, 1999 indictment stemmed from events that occurred on August 9, 1999.
On May 17, 2000, appellant entered a plea of guilty to count two of the September 24, 1999 indictment, the charge of possession of cocaine. Anolle prosequi was entered on count one of the indictment, the trafficking charge. On August 9, 2000, appellant entered guilty pleas on both counts of trafficking contained in the information. On that same date, a sentencing was held. At that hearing, the prosecution recommended that appellant be sentenced to eight months on each of the three counts, with the sentences to run concurrently. The trial court declined to adopt that recommendation. Instead, the trial judge sentenced appellant to ten months on each count of the information, with those sentences to run concurrently, and ten months on the count contained in the indictment, with that sentence to run consecutively to the sentences on the information. The sentence ordered by the trial court was contained in the August 17, 2000 judgment entry.
Appellant has filed a timely appeal from that judgment entry and makes the following assignments of error:
 "[1.] The trial court erred, to the prejudice of [appellant], by failing to impose the minimum sentence to an offender who previously has not served a prison term.
 "[2.] The trial court erred, to the prejudice of [appellant], by imposing upon him consecutive sentences contrary to law and in violation of R.C. 2953.08(C)."
 In his first assignment of error, appellant argues that, in this case, the record does not support the trial court's imposition of a sentence longer than the minimum term of imprisonment. We disagree.
The shortest prison term for a felony of the fifth degree is six months. R.C. 2929.14(A)(5). Pursuant to R.C. 2929.14(B), if an offender has not previously served a prison term, the trial court must impose the shortest term authorized for the offense, "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public." Here, the trial court made such a finding, stating in its August 17, 2000 judgment entry that "the shortest term will demean the seriousness of [the appellant's] conduct and will not adequately protect the public from future crime by [appellant] or others."
The Supreme Court of Ohio has held that "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasissic.) State v. Edmonson (1999), 86 Ohio St.3d 324, paragraph one of the syllabus. However, in articulating its findings, the trial court should use some language which substantially parallels or is identical to the statutory criteria. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, 2000 WL 1507914, at 1.
In the instant case, the trial court used language very similar to the statutory language in making its finding that the minimum prison term would be insufficient. Because a trial court is not required to provide the reasons underlying its decision to impose more than the minimum prison term, the trial court's finding, in this case, that the minimum sentence would demean the seriousness of the offense and not adequately protect the public, was sufficient to support the imposition of ten-month sentences for each of the counts on which appellant entered a guilty plea. Therefore, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court failed to make the necessary findings required for the imposition of consecutive sentences. We disagree.
R.C. 2929.14(E)(4) states that:
 "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime *** and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"***
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 R.C. 2929.14(E)(4) must be read in conjunction with R.C. 2929.19(B)(2)(c), which requires a trial court to state "its reasons for imposing the consecutive sentences." The reasons required by R.C. 2929.19(B)(2)(c) are separate and distinct from the finding required by R.C. 2929.14(E)(4). State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 and 98CA2589, unreported, 1999 WL 1281506, at 5. See State v. Kase (Sept. 25, 1998), Lake App. No. 97-A-0083, unreported, 1998 WL 682392, at 2.
As required by R.C. 2929.14(E)(4), the trial court, in this case, made a finding that "consecutive sentences are necessary to protect the public from future crime or to punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public." Pursuant to R.C. 2929.19(B)(2)(c), the trial court provided the reasoning underlying its findings:
 "I have considered the following, the offense committed for hire or part of organized crime. The Court finds [appellant] more likely to commit an offense in the future because the offense was committed while [appellant] was on bail or under community control sanctions. He was on probation from Cuyahoga County Common Pleas Court. He has a previous criminal history, including juvenile delinquency as a juvenile, state drug law violation. As an adult, trafficking in heroin, possession of drugs, two years probation on those, 1996, and one probation violation, rehabilitation failure after previous convictions, failed to respond, in fact, to probation and parole and part of drug and alcohol abuse, [appellant] refuses to acknowledge the problem or accept treatment. He tested positive for cocaine on referrals at the interview, claimed he was using Ecstasy *** and that's why he claims that it showed up in the test. ***"
 In our view, the record created by the trial court constitutes a litany of reasons which supports the trial court's finding that consecutive sentences are necessary to protect the public from future crime, and that the imposition of consecutive sentences is not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public.[1]
The trial court has fully complied with the respective mandates of R.C.
2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Therefore, appellant's second assignment of error lacks merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., NADER, J., concur.
[1] At oral argument, appellant raised the issue of whether the trial court misstated his record at the sentencing hearing. Because appellant raised no objection to these alleged misstatements at the hearing, this issue would have to be addressed by this court on the basis of plain error. However, upon review of the presentence investigation report and the transcript of the sentencing hearing, the specific misstatements alleged by appellant were minor discrepancies which did not rise to the level of plain error.